

F I L E D

SEP 1 0 2001

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                      Criminal No. 3:91CR80

HOWARD LEE FARMER

### MEMORANDUM OPINION

Howard Lee Farmer pled guilty to submitting a false statement to obtain a firearm and possession of a firearm by a convicted felon. This matter is before the Court on Farmer's motion for a downward departure in his sentence pursuant to 28 U.S.C. § 2255 and the response thereto filed by the United States.

On July 12, 1991, Farmer pled guilty to submitting a false statement to obtain a firearm and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and (6). Farmer was sentenced to five years in prison for each offense to run consecutively.

From December 15, 1999 until June 12, 2000, Farmer was housed in the Northern Neck Regional Jail. Farmer contends that he is entitled to a reduction in his sentence because conditions at Northern Neck were not as favorable as those he experienced in a federal facility. In particular, Farmer complains that the jail was overcrowded, provided limited opportunity for outside recreation, and was unsanitary. Farmer's allegations fail to establish a cause of action for cruel and unusual punishment, much less entitle him to relief under 28 U.S.C. § 2255.

In order to allege an Eighth Amendment claim regarding prison conditions, an inmate must establish that he was subjected to an unnecessary and wanton infliction of pain, see <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991), "contrary to contemporary standards of decency." <u>Helling v. McKinney</u>, 509 U.S. 25, 36 (1993). A two-part test is used to determine whether the deprivation complained of presents a constitutional violation. The prisoner must show, "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." <u>Williams v. Griffin</u>, 952 F.2d 820, 824 (4th Cir. 1991).

The first showing requires the court to determine whether the deprivation of a basic human need was *objectively* "sufficiently serious", while the second requires it to determine whether the officials *subjectively* acted with a "sufficiently culpable state of mind." <u>Strickler v. Waters</u>, 989 F.2d 1375, 1379 (4th Cir. 1993)(quoting <u>Wilson</u>, 501 U.S. at 298).

> Extreme deprivations are required to make out a conditions-of-confinement claim . . . . Because routine discomfort is `part of the penalty that criminal offenders pay for their offenses against society,' `only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'

<u>Strickler</u>, 989 F.2d at 1380 n.3 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)). Generally,

> [i]f a prisoner has not suffered serious or significant physical or mental injury as a

2

> result of the challenged condition, he simply
> has not been subjected to cruel and unusual
> punishment within the meaning of the [Eighth]
> Amendment.

Strickler, 989 F.2d at 1381.  See also White v. Gregory, 1 F.3d

267, 269 (4th Cir. 1993) (Eighth Amendment claim should be

dismissed if it fails to suggest inmate suffered a serious physical

or mental injury from the condition).

Farmer claims that due to overcrowding at Northern Neck Jail,

inmates have limited access to the day room and exercise

facilities.  In addition, Farmer complains about "toilets

overflowing with waste" and the lack of fresh air and sunlight,

leading to the potential for bacterial growth.  Farmer fails to

allege facts indicating that he suffered any serious physical or

mental injury as a result of the overcrowding, lack of fresh air

and sunlight, or exposure to bacteria.  Although his temporary stay

at Northern Neck may have been unpleasant, Farmer's allegations

fail to suggest that he was subjected to anything greater than the

"routine discomfort [that] is part of the penalty that criminal

offenders pay for their offenses against society."  Strickler v.

Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (internal quotations

omitted); see Crowe v. Leeke, 540 F.2d 740, 742 (4th Cir. 1976).

Farmer claims that the conditions he experienced while

confined at Northern Neck Regional Jail entitle him to a downward

3

departure in his sentence.[1]  He is wrong.  Although there is some authority that a sentencing court is not foreclosed from considering conditions of pre-trial confinement as a basis for a downward departure, see United States v. Sutton, 973 F.Supp. 488, 492 (D.N.J. 1997), courts have been reluctant to take such an "extraordinary measure."  Id. at 495 (stating that "the Sentencing Commission should make conditions of confinement a forbidden factor in determining whether a court should depart downward"); see United States v. Brinton, 139 F.3d 718, 725 (9th Cir. 1998)(holding that a downward departure based on conditions of confinement "does not comport with the structure and theory of the guidelines as a whole"); United States v. Ogembe, 41 F.Supp2d. 567, 571 (E.D. Pa. 1999)(three month incarceration in local jail where there was no running water, infestation of rodents and overcrowding did not warrant downward departure).  Farmer has failed to allege facts indicating that the conditions at Northern Neck Regional Jail were extraordinary enough to warrant a downward departure.

For the foregoing reasons, Farmer's motion for a downward departure will be denied and the action will be dismissed with prejudice.

---

[1] The Court notes that Farmer's argument for a downward departure constitutes a challenge to the execution, not imposition, of a sentence.  Therefore, his claim if cognizable at all, should be filed as a petition for a writ of habeas corpus under § 2241. See Chambers v. United States, 106 F.3d 472,474 (2d Cir. 1997).

4

The Clerk is directed to send a copy of this Memorandum Opinion to Farmer and counsel for the United States.

It is so ORDERED.

_____
United States District Judge

Richmond, Virginia
Date: _____